IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DOUGLAS A. DAVIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| NANCY A. BERRYHILL,* | : | CIVIL ACTION NO. 16-0463 |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Plaintiff Douglas Davis objects to a Report and Recommendation ("R&R")[1] that this Court affirm the decision of Administrative Law Judge George C. Yatron ("ALJ Yatron") that Plaintiff is not disabled within the meaning of the Social Security Act. For the reasons that follow, the R&R will be approved and adopted, and Plaintiff's Request for Review will be denied.

**I. Procedural History**

Plaintiff has sought disability benefits for many years, and this history is recounted in detail in the R&R.[2] The critical points in that process are summarized below. In Plaintiff's first application for disability insurance benefits ("DIB") filed on March 13, 2006, he alleged his disability began on February 27, 2004.[3] After an initial denial, a hearing was held with Administrative Law Judge Paula Garrety ("ALJ Garrety") on November 15, 2007.[4] ALJ Garrety denied his application, but her decision was vacated by the Appeals Council on September 22,

---

* Substituted pursuant to Fed. R. Civ. P. 25(d).

[1] Consistent with the R&R, the Court will cite the original administrative record as "R."

[2] R&R at 1-3.

[3] R. at 131-33.

[4] *Id.* at 53.

1

2009.[5] ALJ Garrety held a second hearing on Plaintiff's claim on January 14, 2010, and again issued an unfavorable decision.[6] Plaintiff's appeal of ALJ Garrety's second decision reached this Court, which issued an Order remanding the case to the Commissioner on August 13, 2014.[7] On remand, Plaintiff's third hearing was held on December 18, 2014, this time before ALJ Yatron.[8] ALJ Yatron issued an unfavorable decision on May 15, 2015,[9] and the Appeals Council declined to assume jurisdiction over the case.[10] Plaintiff's appeal to this Court followed.

**II. Plaintiff's Objection to the "Import and Effect" of the Previous Order**

A central disagreement between the parties is the scope of review required by this Court's 2014 remand order ("Order"),[11] and whether ALJ Yatron complied with the Order's directives.[12] On remand, the ALJ was directed to comply with SSR 96-8p[13] and meaningfully assess limitations caused by Plaintiff's trigeminal neuralgia and bipolar disorder.[14] The Order stated that "if the ALJ had considered Plaintiff's bipolar disorder and neuralgia, the ALJ may have concluded that Plaintiff's cumulative impairments were consistent with his testimony about his

---

[5] *Id.* at 110.

[6] *Id*. at 20-35.

[7] *Id*. at 787; *see also* Civil Action No. 12-2621 (E.D. Pa.).

[8] R. at 756.

[9] *Id*. at 753-72. In his decision, ALJ Yatron indicated that Plaintiff filed an application for Supplemental Security Income benefits ("SSI") on March 2, 2015. R. at 772. This Court finds Plaintiff's application for SSI to be filed as of that date.

[10] *Id*. at 743-46.

[11] *Id.* at 784-87.

[12] *See* Doc. No. 15 at 5-24 (Plaintiff stating ALJ on remand failed to consider the combined and synergistic effects of trigeminal neuralgia and psychiatric conditions as required); Doc. No. 20 at 5-9 (Defendant defining a narrower issue to be considered on remand regarding these impairments and arguing that ALJ satisfied it).

[13] SSR 96-8p represents the Administration's policy on the assessment of residual functional capacity. The Ruling cautions, "[c]areful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone."

[14] R. at 786.

level of functioning."[15] The Order also found that: (1) ALJ Garrety's determinations as to the Plaintiff's physical limitations were supported by substantial evidence; and (2) ALJ Garrety's assessments of the weight allocated to the treating physicians' opinion evidence were also supported by substantial evidence.[16]

Plaintiff argues that the Order required the ALJ on remand to consider Plaintiff's trigeminal neuralgia and bipolar disorder "in combination with his other impairments, and to reach a conclusion regarding the consistency of the effects of the combined impairments on the Plaintiff's description of his functioning."[17] In essence, Plaintiff reads the Court's Order to require ALJ Yatron to reconsider *all* of Plaintiff's impairments. That is incorrect.

Consistent with SSR 96-8p and the Order's acceptance of ALJ Garrety's credibility finding regarding Plaintiff's physical limitations, on remand the ALJ was primarily to reconsider the *non-exertional limitations* caused by Plaintiff's trigeminal neuralgia and bipolar disorder, and to incorporate them—along with the limitations caused by his other conditions—into the residual functional capacity ("RFC") determination.[18] That is, ALJ Yatron was required to reconsider the two conditions specified in the Court's Order, but not ALJ Garrety's findings as to Plaintiff's other impairments, which the Court had already found were supported by substantial evidence.[19]

In light of the scope of the Court's remand Order, Plaintiff's argument that ALJ Yatron should have made a new holistic credibility determination based on the entire record for all conditions is incorrect. Instead, the Court required the ALJ to take into account the effects of his

---

[15] *Id*. at 787.

[16] *Id.* at 785 n.5.

[17] Doc. No. 25 at 2.

[18] SSR 96-8p states, in relevant part: "Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength."

[19] This is consistent with Plaintiff's repeated arguments that the ALJ failed to consider the non-exertional limitations caused by these conditions. *See, e.g.*, Doc. No. 15 at 16 ("With [trigeminal neuralgia], it is the effect on consistent work and regular attendance on a full-time basis that is compromised, not the ability to lift and carry.").

trigeminal neuralgia and bipolar disorder from onset to his date last insured—February 27, 2004 to December 31, 2009.[20]

### III. Limitations Caused by Trigeminal Neuralgia and Mental Disorders

In reviewing ALJ Yatron's decision, the full record, and the R&R, the Court agrees that ALJ Yatron followed the Court's earlier directives and the RFC assessment took into account limitations caused by Plaintiff's trigeminal neuralgia and his mental health conditions.

First, with respect to Plaintiff's trigeminal neuralgia, the Order pointed to interrupted sleep and unpredictable pain as potentially causing additional limitations and remanded for an assessment.[21] ALJ Yatron reviewed the medical evidence of record and determined that Plaintiff's trigeminal neuralgia is well-controlled, and limits Plaintiff to not lifting or carrying more than twenty pounds and not working around heights or hazards.[22] The R&R's determination that this is supported by substantial evidence is correct.[23] Plaintiff argues strenuously that his episodes of unpredictable pain interfere with his ability to maintain "consistent work and regular attendance," but according to the evidence, the attacks do not occur frequently enough to support Plaintiff's contention.[24]

Second, regarding Plaintiff's bipolar disorder, the Order specified that Plaintiff's limitations based on decreased concentration, persistence, and pace should be examined.[25] Plaintiff states that ALJ Yatron's failure to do anything other than limit him to unskilled work

---

[20] R. at 34 ("The claimant was not under a disability . . . at any time from February 27, 2004, the alleged onset date, through December 31, 2009, the date last insured."). ALJ Yatron also considered new evidence from the time period beyond what ALJ Garrety reviewed, and issued a new credibility finding on that evidence. R. at 763. This credibility determination was properly formed and is also supported by substantial evidence. *See* R&R at 11-12.

[21] R. at 785-86.

[22] *Id.* at 767.

[23] R&R at 10.

[24] *See id.* at 10-12.

[25] R. at 785.

4

means that he did not comply with the Order.[26] As discussed in the R&R, this argument is misplaced.[27] ALJ Yatron completed the appropriate inquiries related to Plaintiff's mental health and took care to address Plaintiff's limitations with respect to concentration, persistence, and pace.[28] Based on the available evidence related to Plaintiff's mental health, including evidence related to limitations caused by his bipolar disorder in combination with Plaintiff's other conditions, ALJ Yatron determined that Plaintiff would be unable to understand, remember, and carry out detailed instructions.[29] However, ALJ Yatron, with the help of the vocational expert, found unskilled jobs which exist in substantial numbers in the national economy, including office helper, cashier, and accounts investigator positions, that Plaintiff is capable of performing.[30] This finding is supported by substantial evidence.[31]

Therefore, this 10th day of April 2017, after careful review and independent consideration of Plaintiff's request for review, Defendant's response, the Report and Recommendation of United States Magistrate Judge Marilyn Heffley, and the Plaintiff's Objections thereto, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense and return it to the active docket;

2. The Objections are **OVERRULED**;

---

[26] Doc. No. 15 at 18.

[27] R&R at 12-14.

[28] *Id.*

[29] R. at 769-70.

[30] *Id.* at 771.

[31] Plaintiff places heavy weight on the report of Daniel Medlar, Psy.D., in arguing that ALJ Yatron's RFC determination with respect to his mental limitations is not supported by substantial evidence. Doc. No. 15 at 19-22. This Court agrees with the R&R's thorough analysis and rejection of this contention. R&R at 14-17. Dr. Medlar's evaluation occurred in June of 2013, years after Plaintiff was last insured for DIB and before his application for SSI. More importantly, as stated in the R&R, Dr. Medlar did not indicate limitations stemming from Plaintiff's diagnosed conditions that suggest Plaintiff has more significant limitations than those determined by ALJ Yatron.

3. The Report and Recommendation is **APPROVED** and **ADOPTED**;

4. Plaintiff's Request for Review is **DENIED**.

It is so **ORDERED**.

> **BY THE COURT:**
> **/s/ Cynthia M. Rufe**
> _____
> **CYNTHIA M. RUFE, J.**